# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALVIN GATES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 13-CV-452-WDS |
| | ) |
| UNITED STATES of AMERICA, | ) CRIMINAL NO. 11-30049-WDS-7 |
| | ) |
| Respondent. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is petitioner's pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1), to which the Government has filed a response (Doc. 7), and petitioner has filed a reply (Doc. 9).[1]

### BACKGROUND

On January 4, 2012, petitioner pleaded guilty, pursuant to a plea agreement and stipulation of facts, to one count of Conspiracy to Distribute and Possession with Intent to Distribute "Crack" Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (No. 11-CR-30049-WDS-7, Docs. 232-34). On May 21, 2012, petitioner was sentenced to a term of imprisonment of 120 months. (No. 11-CR-30049-WDS-7, Docs. 245, 247). Petitioner did not file a direct appeal.

In his plea agreement, petitioner waived his right to appeal or collaterally attack his sentence. Despite the waiver, on May 10, 2013, petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 (Doc.1), in which he asserts that (1) he was denied effective assistance of counsel

---

[1] This Court has liberally construed petitioner's pro se pleadings. *See Smith v. Grams*, 565 F.3d 1037, 1041-42 (7th Cir. 2009); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

because counsel did not inform him that the drug quantity attributed to him would be "arbitrarily increased by 800%," subjecting petitioner to a substantially increased period of incarceration; and (2) his plea was not knowingly or intelligently made, and was made without an understanding of the consequences of the plea because he believed he was pleading to possession of fifty (50) grams of crack cocaine, but the amount attributed to him was "changed to 420 grams" without his consent. In response (Doc. 7), the government asserts that petitioner's § 2255 motion should be dismissed as barred by the collateral review waiver executed as part of his plea agreement.

## LEGAL STANDARD

Relief under § 2255 is "reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993)). Section 2255 requires the court to vacate, set aside, or correct the sentence of a prisoner if the court finds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Ineffective assistance of counsel claims, however, have been identified as generally raised and considered on collateral review, where a complete record can be developed. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005). A court's review of an attorney's performance is highly deferential. *Kimmelman v. Morrison*, 477 U.S. 465, 381 (1986). The petitioner, therefore, bears a heavy burden to establish ineffective assistance of counsel. *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995).

Ineffective assistance claims are evaluated under the two-prong *Strickland* test. *McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. 688, 690, 694 (1984)). To succeed, the petitioner must establish that (1) counsel's

performance fell below an objective standard of reasonableness and (2) that counsel's deficient performance prejudiced the defendant in such a way that, but for counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 688, 695. The Court is not required to analyze both the performance and prejudice prong, because the failure to satisfy either prong is fatal to the claim. *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993); *United States v. Slaughter*, 900 F.2d 1119, 1124 (7th Cir. 1990).

To show that counsel's performance fell below an objective standard of reasonableness, a petitioner must identify "acts or omissions of counsel that could not be the result of professional judgment. The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011) (internal quotations omitted). Moreover, counsel's performance must be evaluated considering all the circumstances, "on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690.

To meet the prejudice prong, a petitioner need only show a reasonable probability that counsel's conduct altered the outcome, or, in other words, a probability sufficient to undermine confidence in the outcome. *McElvaney v. Pollard*, --- F.3d ---, No. 12-2357, 2013 WL 4423669, at *5 (7th Cir. Aug. 20, 2013). In the plea context, to establish prejudice, a petitioner "must demonstrate through objective evidence that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Koons*, 639 F.3d at 351 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). A mere allegation that the petitioner would have insisted on going to trial is inadequate. *Id.*

3

ANALYSIS

The plea agreement executed by petitioner provides, *inter alia*:

> The Defendant is aware that Title 18, Title 28, and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the recommendations and concessions made by the Government in this plea agreement, the Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), the Defendant reserves the right to appeal the reasonableness of the sentence.

(Doc. 7-1 at 3-4).[2] The plea agreement makes exceptions for retroactive interpretations of the law and retroactive amendments to the Sentencing Guidelines, which are not at issue here (Doc. 7-1 at 4).

"It is well-settled that waivers of direct and collateral review in plea agreements are generally enforceable." *Hurlow v. United States*, 726 F.3d 958, 964 (7th Cir. 2013). Most courts consider a plea agreement a contract, and as such, "waivers contained in the agreements are unenforceable in certain circumstances akin to those in which a contract would be unenforceable, such as when the government has materially breached the agreement, or the dispute falls outside the scope of the waiver." *Id.* (internal citations omitted).

The Seventh Circuit has determined that a waiver of a right to appeal contained within a guilty plea is enforceable, provided the waiver is knowing and voluntary. *See United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir. 1997). However, a waiver will not be enforced if the plea agreement was involuntary or the product of ineffective assistance of counsel; if the district

---

[2] The Court notes that petitioner's sentence was not in excess of the Sentencing Guidelines as determined by the Court or any applicable statutory minimum. At sentencing, the Court determined that the appropriate offense level was a 29, with a criminal history category of III, which produced an advisory guideline range of 108 to 135 months, but that the statutory mandatory minimum of 120 months made the advisory guideline range 120 to 135 months (No. 11-CR-30049-WDS-7, Doc. 275 at 5). Petitioner was ultimately sentenced to 120 months' imprisonment, the mandatory minimum.

judge relied on a constitutionally impermissible factor in sentencing (for example, the defendant's race or gender); or if the sentence exceeded the statutory maximum for the crime committed. *See United States v. Lockwood*, 416 F.3d 604, 608 (7th Cir. 2005); *Jones v. United States*, 167 F.3d 1142, 1144 (7th Cir. 1999); F*eichtinger*, 105 F.3d at 1190.

Furthermore, a plea agreement may be voided if the defendant pled guilty involuntarily. *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011). Here, petitioner does not specifically argue that the plea agreement is unenforceable, but that his plea was involuntary due to ineffective assistance of counsel. The Seventh Circuit has "repeatedly recognized that appellate and collateral review waivers cannot be invoked against claims that counsel was ineffective in the negotiation of the plea agreement." *Hurlow*, 726 F.3d at 964. In essence, "a direct or collateral review waiver does not bar a challenge regarding the validity of a plea agreement (and necessarily the waiver it contains) on grounds of ineffective assistance of counsel." *Id.* at 966.

In light of the fact that petitioner is essentially arguing that his guilty plea was not knowing and voluntary due to ineffective assistance of counsel, the Court will consider petitioner's claims on the merits. Although petitioner makes two separate claims, they are, in essence, the same: he claims that his plea was not knowing and voluntary because, due to ineffective assistance of counsel, he thought he was pleading guilty to possession of fifty (50) grams of crack cocaine, but that 420 grams of crack cocaine were attributed to him, without his consent, and this "arbitrary" increase resulted in an increased period of incarceration.

At petitioner's change of plea hearing, this Court determined that petitioner was fully competent and capable of entering an informed plea, and that his guilty plea was knowing and voluntary (No. 11-CR-30049-WDS-7, Doc. 281 at 18-19). The Court discussed with petitioner the charge against him, and the fact that the amount of cocaine constituting his relevant conduct was 420 grams (*id.* at 8). Petitioner had affirmed to the Court, under oath, that he read and

5

discussed the superseding indictment against him, discussed his case generally with his attorney, and that he was fully satisfied with counsel's representation (*id.* at 5). Petitioner also affirmed that he had entered into a plea agreement with the government, that he understood the provisions contained therein, and that no promises, inducements, or representations, other than those set forth in the plea agreement were made to induce him to enter into the plea agreement and stipulation of facts (*id*. at 7-9).

Petitioner's plea agreement specifically provided: "[d]efendant and the government agree that the total quantity of cocaine base constituting this Defendant's relevant conduct was approximately 420 grams, thereby creating an initial Guideline Offense Level of 32." Doc. 7-1 at 2. The plea agreement also explicitly states, in various paragraphs, that petitioner was facing a sentence of no less than ten (10) years. (No. 11-CR-30049-WDS-7, Doc. 233 at 5-6, Sec. II, para.1, para. 3).

Further, during the plea colloquy, petitioner affirmed to the Court, under oath, that he was actually guilty of the charge contained in the superseding indictment against him, and that the total quantity of cocaine base constituting his relevant conduct was approximately 420 grams (*id.* at 8-9). During the change of plea hearing, petitioner's counsel raised the issue that the stipulation of facts provided that the amount of cocaine base exceeded fifty (50) grams, but that the plea agreement specifically stated 420 grams (*id.* at 9-10). Counsel then engaged in an off the record discussion with the petitioner, after which counsel informed the Court that he was not seeking to make any amendment to the plea agreement (*id.* at 10). The Court asked petitioner whether he understood and agreed with that what counsel had just stated with respect to the plea agreement, and petitioner responded affirmatively (*id.*).

The Court also informed petitioner that he was subject to a mandatory minimum sentence of ten (10) years, which made his advisory guidelines range 120-121 months (*id.* at 9). Petitioner told the Court that he understood this (*id.*). Additionally, the Court specifically read the appeal and

collateral review waiver provisions contained in the plea agreement, after which petitioner affirmed his understanding of these provisions to the Court (*id*. at 12-13). The Court then asked the petitioner, at least twice more, whether any promises or assurances were made to induce, force, or compel him to plead guilty, to which he responded negatively (*id*. at 13-14).

Finally, the Court asked the petitioner whether he understood that the plea agreement only contained an estimated guidelines range, that the Court would ultimately determine the applicable advisory guideline range later, and that petitioner was facing a term of imprisonment of not less than ten (10) years, to which he affirmed his understanding (*id*. at 14-15).

Petitioner's claim that his plea was not knowing and voluntary because he thought he was pleading guilty to possession of fifty (50) grams of crack cocaine, but that 420 grams of crack cocaine were attributed to him, without his agreement, is belied by the record. Petitioner signed a plea agreement which specifically stated that the total amount of cocaine base constituting his relevant conduct was 420 grams, and that he was facing a mandatory minimum sentence of ten (10) years. Additionally, during the plea colloquy, petitioner repeatedly assured the Court of his understanding of the plea agreement he signed, that the offense involved 420 grams of cocaine, and that he faced a mandatory minimum of ten (10) years. Petitioner can not now claim that he was not aware that he was pleading guilty to an offense involving 420 grams of cocaine or that he was not aware of the sentence he faced because counsel failed to explain these things to him.

The Court is not at liberty to ignore what transpired at the change of plea proceedings:

> When a district court conducts a Rule 11 colloquy, it is not putting on a show for the defendant, the public, or anybody else. The purpose of a Rule 11 colloquy is to expose coercion or mistake, and the district judge must be able to rely on the defendant's sworn testimony at the hearing. Because the district court takes a criminal defendant's rights at a change-of-plea hearing very seriously, it is reasonable to expect, and demand, that the criminal defendant do so as well. For that reason, a defendant is normally bound by the representations he makes to a court during the colloquy.

7

*Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010) (internal quotation marks and citations omitted). "The whole point" of the plea colloquy is to ensure that the plea was knowingly and voluntarily made. *United States v. Standiford*, 148 F.3d 864, 868 (7th Cir. 1998); *United States v. Ellison*, 835 F.2d 687, 693 (7th Cir. 1987); Fed. R. Crim. P. 11(b). The record created in a Rule 11 hearing is given a "'presumption of verity.'" *Standiford*, 148 F.3d at 868 (quoting *United States v. Trussel*, 961 F.2d 685, 689 (7th Cir. 1992)). Thus a claim that can succeed only if the defendant lied to the judge during the plea colloquy "may be rejected out of hand unless the defendant has a compelling explanation for the contradiction." *United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005); *accord United States v. Messino*, 55 F.3d 1241, 1248 (7th Cir. 1995). "Entry of a plea is not some empty ceremony, and statements made to a federal judge in open court are not trifles that defendants may elect to disregard." *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999).

Further, petitioner has failed to show that but for counsel's ineffective assistance, he would not have pleaded guilty and would have insisted on going to trial. Petitioner has provided no factual support for his assertion that he did not realize he was pleading guilty to an offense involving 420 grams of cocaine, or that he was facing a sentence of at least ten (10) years, and the record clearly proves otherwise. Furthermore, petitioner blames counsel for his alleged lack of understanding, however, even if counsel did not adequately explain the amount of cocaine attributed to petitioner, or failed to explain the sentence petitioner was facing, the Court did so. The Court specifically reviewed the amount of cocaine involved as well as the term of imprisonment petitioner faced, and the petitioner told the Court that he agreed with and understood both. Petitioner can not, therefore, meet the prejudice prong of the *Strickland* test,

and his claim that his plea was not knowing and voluntary due to ineffective assistance of counsel, fails.

Petitioner has also failed to provide any reasons whatsoever for the current contradictions he makes to the statements he made at his plea proceedings, e.g., he understood the charge he faced, the amount of drugs involved, the potential punishment, and that his plea had not been coerced in any way. At the change of plea hearing, the Court determined that petitioner's guilty plea was knowing and voluntary, and petitioner has given the Court no reason to doubt that determination.[3] Petitioner's assertions, which contradict his statements made under oath, during the plea colloquy, do not support a claim of ineffective assistance of counsel which would render his plea involuntary.

Accordingly, petitioner's motion pursuant to § 2255 is **DENIED** on all grounds raised.

### HEARING

Petitioner requests a hearing. Because summary dismissal of a § 2255 motion is appropriate when the motion and the files and records of the case conclusively demonstrate that the petitioner is not entitled to relief, this Court **FINDS** that it is not necessary to hold a hearing, and

---

[3] The Court notes that it has reviewed the letter from the attorney who represented petitioner during his criminal proceedings, which was filed by the government (Doc. 8). In that letter, petitioner's counsel states that he has "wondered whether [petitioner] fully comprehended that his future sentence would remain largely unaffected by his ability both to overcome his crack addiction and clear acceptance of responsibility for his previous actions." (Doc. 8). In his reply, petitioner asserts that counsel's statement in this letter "undermines any claims of legitimacy of the Petitioner's guilty plea," and requires the Court to hold a hearing (Doc. 9).

The transcript from the change of plea hearing, and the plea agreement itself, however, clearly show that petitioner's plea was knowing and voluntary, especially with respect to petitioner's claims of ineffective assistance regarding the relevant drug quantity attributed to petitioner. Petitioner confirmed that he had not been induced to plead guilty, **or promised anything more than what was contained in the plea agreement**, and that he understood that he was facing a mandatory minimum of ten (10) years of imprisonment. Counsel's reflection regarding petitioner's understanding as to his drug rehabilitation and acceptance of responsibility does not undermine the change of plea proceedings, does not undermine petitioner's statements made, under oath, with respect to his understanding of the proceedings, or come close to indicating that the plea was not knowing and voluntary.

9

petitioner's request it **DENIED**. 28 U.S.C. § 2255(b), *see also, Politte v. United States*, 852 F.2d 924, 931 (7th Cir. 1988).

<h3 style="text-align:center">CERTIFICATE OF APPEALABILITY</h3>

Should Petitioner desire to appeal this Court's ruling dismissing his motion under 28 U.S.C. § 2255, he must first secure a certificate of appealability, either from this Court or from the Court of Appeals. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate of appealability. Fed. R. App. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that petitioner has not stated any grounds for relief under § 2255. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, Petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

## CONCLUSION

Petitioner's motion to vacate, set aside, or correct his sentence (Doc. 1) is **DENIED** on all grounds raised, and this case is **DISMISSED WITH PREJUDICE**. A certificate of appealability will **NOT** be issued. The Clerk of Court is **DIRECTED** to enter judgment in favor of Respondent United States of America and against Petitioner Calvin Gates.

**IT IS SO ORDERED.**

**DATE: December 6, 2013**

/s/   WILLIAM D. STIEHL
       DISTRICT JUDGE